BODMAN v. HARMON.

1. JOINT ADVENTURERS—ACCOUNTING—MORTGAGES—PARTIES.

In suit by one joint adventurer who was trustee for himself and other joint adventurers against them and mortgagee to whom a mortgage had been executed securing note on which the other joint adventurers assumed a portion of liability, to require mortgagee to foreclose the mortgage now years in default and have a determination made of the liability of the respective joint adventurers to the mortgagee and to each other, the court may not require the mortgagee to foreclose but may determine amount due the mortgagee and to such extent the mortgagee is an interested and a proper party.

2. SAME—ACCOUNTING BETWEEN ADVENTURERS—MORTGAGES.

In suit by one joint adventurer who was trustee for himself and the other joint adventurers to have foreclosure of mortgage securing note upon which they were all liable and determination made of amount due the mortgagee, after such determination the court could fix the liability of the joint adventurers *inter se* in case one paid more than his share.

Appeal from Wayne; Chenot (James E.), J. Submitted June 12, 1940. (Docket No. 47, Calendar No. 41,171.) Decided October 7, 1940.

Bill by Henry E. Bodman, individually and as trustee, against Claude M. Harmon, Rawson B. Harmon, and Provident Mutual Life Insurance Company of Philadelphia, a foreign corporation, for foreclosure of a mortgage and an accounting. From a decree dismissing bill as to defendant insurance company, plaintiff appeals. Reversed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant insurance company.

WIEST, J.  In February, 1916, plaintiff, Henry E. Bodman, and defendants Claude M. Harmon and Rawson B. Harmon, as joint adventurers, purchased a parcel of real estate on Woodward avenue in the city of Detroit and, by mutual agreement, the title was taken in the name of plaintiff who executed a declaration of trust, stating that he held the title for the benefit of the three, with one-quarter interest in Claude M. Harmon, one-half interest in Rawson B. Harmon, and one-quarter interest in himself. The two Harmons at the same time executed an agreement showing that the property had been so acquired. and the three joint adventurers executed a note, secured by mortgage upon the property in the amount of $65,000, which, together with taxes, interest, assessments and insurance, each was to pay his proportionate part and save plaintiff harmless if he paid more than his stated share.  That purchase mortgage, due in 1919, was met in payment by another mortgage to the Union Trust Company.  The trust company mortgage was due in 1923 and was replaced by a mortgage of $65,000 to defendant Provident Mutual Life Insurance Company of Philadelphia to secure a note for that amount executed by the three adventurers.  Again the Harmons agreed to pay their proportionate shares.  That mortgage came due in January, 1928, but, by agreement, was extended to January, 1933, since which time it has been in default but no foreclosure brought.  The mortgage now calls for upward of $80,000.  Plaintiff has been ready to meet his share of the mortgage indebtedness but the Harmons are either unwilling or unable to meet their shares.

Plaintiff has asked the mortgagee to foreclose but has been met with refusal. The property has decreased in value and, claiming that he is entitled to have the mortgaged property resorted to for payment of the obligation, with deficiency, if any, against the three joint adventurers, with right to have recovery against the Harmons if plaintiff is compelled to pay more than his share of the deficiency, plaintiff filed the bill herein to have the joint venture wound up with an accounting and decree against the Harmons for any amount he may have to pay in excess of his one-quarter liability.

The bill also asked the court to require the mortgagee to foreclose the mortgage and, in case of deficiency, the Harmons be decreed to pay their proportionate shares, and avers that he stands ready to pay his share and if he should pay more than that the decree should require the Harmons to pay him their respective portions.

The mortgagee, under special appearance, moved to dismiss as to it on the ground that it was not a proper party defendant, and the court granted the motion.

This is an appeal by plaintiff under claim that the mortgagee is a proper party.

The court may not require the mortgagee to foreclose the mortgage, but may determine the amount due the mortgagee and to such extent the mortgagee is an interested party, and when such amount is determined the court may fix the proportionate liability of each joint adventurer to make payment and so decree and fix liability of the joint adventurers *inter se,* in case one pays more than his share.

The amount due on the mortgage involves taxes paid by the mortgagee, repairs made, rentals, and instalments of a condemnation award, collected by it, and calls for an accounting. Upon such matters

and to such extent the mortgagee is a proper party in order that plaintiff may make the full payment of the indebtedness and have adjudicated recourse against his coadventurers.  This entails no hardship on the mortgagee, if without costs, and preserves the rights of the coadventurers as between themselves. The adventure was known to the mortgagee for the note secured by the mortgage was signed by the coadventurers, and defendant Claude M. Harmon, one of the coadventurers, was an employed agent of the mortgagee.

Under the mentioned facts, the mortgagee was a proper party and the decree dismissing the bill as to it is reversed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.  The late Justice POTTER took no part in this decision.